IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEONARD JOHN SUNDSMO,

                                                                                                                         OPINION & ORDER

             Plaintiff,

v.                                                                                                                         15-cv-2-jdp

KEVIN CALKINS, DEREK BURCH,
MIKE PICHLER, MARK R. SCHAUF,
RYAN LABROSCIAN, and ELENA LEON,

            Defendants.

---

Plaintiff Leonard John Sundsmo brings this action against law enforcement officials from the city of Baraboo, Sauk County, and state of Wisconsin for an allegedly illegal search and arrest of plaintiff on November 4, 2014. Before the court are a series of documents filed by the parties as well as plaintiff's father, Lester John Sundsmo, including a motion for my recusal, two motions for preliminary injunctive relief, a series of motions for default judgment, and a proposed amended complaint raising claims under the Racketeer Influenced and Corrupt Organizations Act (RICO). Defendants have moved to strike various documents that have been filed by Lester John Sundsmo. After considering the documents submitted by the parties, I will deny the motions for my recusal and for preliminary injunctive relief. Although it is likely that the motions for default judgment and one of the motions for preliminary injunctive relief were improperly filed by plaintiff's father, I will dismiss all of those motions on the merits, and instruct plaintiff that his father cannot represent him in this case. Finally, I will deny plaintiff's request for leave to amend his complaint because he does not bring plausible RICO claims. The case will proceed with the original complaint as the operative pleading.

A.  Motion for recusal

Either plaintiff or his father has submitted a motion seeking my recusal. Dkt. 61. It is unclear who filed this document—it includes an electronic signature-style "/s/" in the signature block rather than a full signature in ink, and as discussed below, plaintiff's father has submitted many documents on plaintiff's behalf despite not having legal authority to do so. In any event, even assuming that this was a properly filed document, I would deny the motion.

Two statutes exist for disqualifying a federal judge in a particular case. *See* 28 U.S.C. §§ 144 and 455. Section 144 requires a federal judge to recuse himself for "personal bias or prejudice." Section 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and section 455(b)(1) provides that a judge shall disqualify himself if he "has a personal bias or prejudice concerning a party." Because the phrase "personal bias or prejudice" found in § 144 mirrors the language of § 455(b), they may be considered together. *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000).

Recusal "is required only if actual bias or prejudice is proved by compelling evidence." *Id*. To determine whether a judge's impartiality could reasonably be questioned, the court uses "'the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances.'" *In re Sherwin-Williams Co.*, 607 F.3d 474, 477 (7th Cir. 2010) (quoting *Cheney v. U.S. Dist. Court*, 541 U.S. 913, 924 (2004) (Scalia, J., in chambers)). "'A trial judge has as much obligation not to recuse himself when there is not occasion for him to do so . . . as there is for him to do so when the converse prevails.'" *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 717 (7th Cir. 2004) (quoting *United States v. Ming*, 466 F.2d 1000, 1004 (7th Cir. 1972)).

The sole argument plaintiff raised in the motion for recusal is that I have not yet ruled on plaintiff's motion for a temporary restraining order regarding his current custody at the Sauk County jail. However, as explained in further detail below, the TRO motion is meritless because

there is no possible injunctive relief regarding his current confinement that this court could award him in this lawsuit.

I will also address another possible reason for my recusal: plaintiff names me as a defendant in his March 25, 2015 proposed second amended complaint, which attempts to tie together both the present case and his father's case, no. 13-cv-682-jdp, under the Racketeer Influenced and Corrupt Organizations Act. As discussed further below, this attempt at amending the complaint is frivolous and nothing in the proposed second amended complaint would lead a reasonable, informed observer to think that I am biased against plaintiff or that plaintiff has any viable claims against me in this lawsuit. Accordingly, I will not recuse myself. *See In re Specht*, 622 F.3d 697, 700 (7th Cir. 2010) (courts are not forced to succumb to "easy manipulation" of recusal rules by mandating that judge step aside when plaintiff names judge as defendant).

**B.     Temporary restraining order**

Although plaintiff was not incarcerated on January 5, 2015, the date he filed his complaint, shortly thereafter he filed a motion for temporary restraining order "for the Protection of Petitioner, as a Federal Witness against the parties Retaliation against Petitioner," Dkt. 5, in which he states that he is being held at the Sauk County Jail following a conviction in a state criminal proceeding, Sauk County case no. 2013CF337. Based on plaintiff's submissions and the electronic court record of his state criminal proceeding (available at wcca.wicourts.gov), I understand that plaintiff was tried and convicted in early January 2015 of operating a motor vehicle with a prohibited alcohol concentration and two counts of felony bail jumping.

I understand plaintiff to be under the impression that the state criminal proceeding should not have been allowed to take place while this civil lawsuit was pending; plaintiff states that he "made an appearance [in his criminal case] to be sure of the postponement . . . would be

honored, due to the Conflict of Interest created upon suit Filed in the district court of the United States against the District Attorney for Sauk County, Kevin Calkins." Dkt. 5, at 3. Plaintiff states that his "[l]ife is in extreme danger" in the Sauk County Jail, *id.*, but he does not provide specific facts demonstrating the likelihood of immediate and irreparable harm, or explain what action he would like the court to take. In any event, I must deny plaintiff's TRO motion because there is no possible injunctive relief regarding confinement at the Sauk County Jail that this court could award him in this lawsuit. This civil lawsuit is about law enforcement officials' alleged violation of his rights during a November 2014 arrest, not about the danger he faces at the Sauk County Jail, so this lawsuit is not the proper legal proceeding in which to raise that issue.

C. **Plaintiff's father acting as attorney**

On January 16, 2015, plaintiff submitted to the court a document titled "Power over my Affairs," in which plaintiff states that he gives his father, Lester John Sundsmo, permission to take care of [plaintiff's] affairs including personal things and decision on [plaintiff's] behalf." Dkt. 6. Since that time, Lester John Sundsmo has submitted a series of filings on plaintiff's behalf, including a second motion for injunctive relief, a set of motions for entry of default against each of the defendants, and a set of motions for default judgment against each defendant. These documents are either signed by Lester John Sundsmo or have an electronic signature-style "/s/" from Lester in the signature block. The documents also generally contain the notation "with POA Dkt. #6," in the signature block.

Defendants have filed a series of motions to strike the documents filed by Lester John Sundsmo because non-attorneys are not allowed to represent parties in federal litigation. Under Federal Rule of Civil Procedure 11(a), "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the

4

party is unrepresented." *See also* 28 U.S.C. § 1654 (litigants may conduct their own cases personally or by counsel). This holds true for parents attempting to represent their children. *Navin v. Park Ridge Sch. Dist.* 64, 270 F.3d 1147, 1149 (7th Cir. 2001) ("Patrick was free to represent himself, but as a non-lawyer he has no authority to appear as J.P.'s legal representative."). Signing a "power of attorney" document does not give a non-attorney the ability to represent someone else in this court. *Johnson v. Bank One N.A.*, 90 F. App'x 956, 957 (7th Cir. 2004).

    I note that each of the motions at issue appears to include an attached affidavit signed by plaintiff, which seems to indicate his approval of each motion submitted by his father. Rather than strike all of the motions on technical grounds, leaving plaintiff to refile them all under his signature, I will accept the filings and deny each of them on the merits. As with plaintiff's first motion for preliminary injunctive relief, the second motion must be denied because this court cannot issue injunctive relief regarding plaintiff's confinement, which is unrelated to the actual claims at issue in the case. As for the default judgment motions, plaintiff seems to be arguing that defendants have failed to properly answer the complaint because the lawyers signing the answers "cannot be both witness and counsel in the same cause," *see, e.g.*, Dkt. 29 (internal quotations omitted), but this is an incorrect analysis of defendants' duty in filing their answers. It is customary for a defendants' lawyer to sign an answer containing statements admitting or denying the various allegations in the complaint.

    Because I am denying these motions on the merits, I will deny defendants' motions to strike the motions as moot. But I want to make clear that Lester John Sundsmo will not be allowed to represent plaintiff in this action or sign documents on his behalf. Going forward, any document submitted by plaintiff must include his own written signature, in ink. I will not

consider any document signed by Lester on behalf of plaintiff or any document signed with a "/s/" notation, and I will strike any such filing sua sponte.

D.     **Amended complaint**

This leaves plaintiff's amended complaint, Dkt. 66, in which plaintiff, Lester John Sundsmo, and Angela Mazerek (who I understand to also have been at the house during the allegedly illegal search and seizure of plaintiff) are all named as plaintiffs, each signing the complaint. They attempt to tie together both the present case and Lester's case, no. 13-682-jdp, with RICO claims against both the existing defendants and newly named defendants including me, Magistrate Judge Stephen Crocker, various county officials, the lawyers appearing for the opposing parties in plaintiff's and his father's cases, and the jurors from plaintiff's recent state criminal case. Plaintiff and his father appear to have filed identical amended complaints in both cases.

Because defendants have answered plaintiff's complaint, plaintiff cannot amend it without leave of the court. Fed. R. Civ. P. 15(a). Although Rule 15(a) states that leave to file an amended complaint "shall be freely given when justice so requires," the United States Supreme Court has explained that a district court has the discretion to deny leave for "any apparent or declared reason" including "futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

I will deny plaintiff's motion for leave to amend his complaint because it is futile. The necessary elements of a RICO claim under 18 U.S.C. § 1962(c) are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Vicom, Inc. v. Harbridge Merchant Servs.*, Inc., 20 F.3d 771, 778 (7th Cir. 1994) (quotation omitted). Section 1962(d) makes it unlawful "for any person to conspire to violate the provisions of subsection . . . (c)." To satisfy the enterprise element, plaintiff must allege an enterprise, which is "an ongoing 'structure' of

persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision-making." *Jennings v. Emry*, 910 F.2d 1434, 1440 (7th Cir. 1990) (citations omitted). The proposed amended complaint falls far short of showing that the various county, state, federal, and civilian parties named as defendants conspired in an enterprise—an ongoing structure of joint decision-making—to harm plaintiff. *See Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) (RICO "liability depends on showing that the defendants conducted or participated in the conduct of the '*enterprise's affairs*,' not just their own affairs.") (emphasis in original); *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) ("RICO cases, like antitrust cases, are 'big' cases and the defendant should not be put to the expense of big-case discovery on the basis of a threadbare claim."). Nor does plaintiff explain how many of the new defendants (judges, jurors, and state attorneys defending against plaintiff's federal claims) could have plausibly committed any acts constituting "racketeering activity" under § 1961. Moreover, I have concluded in case no. 13-cv-682-jdp that the new complaint "only adds to the unintelligibility of [Lester John Sundsmo's] original allegations that I have already concluded are too convoluted to comply with Federal Rule of Civil Procedure 8."

Because I am denying plaintiff's motion for leave to amend his complaint, this case will proceed with plaintiff's original complaint as the operative pleading.[1] I will direct the clerk of court to set a date for a telephonic preliminary pretrial conference with Magistrate Judge Crocker. Plaintiff will have to appear by phone at this conference, either representing himself or

---

[1] Because the proposed amended complaint will not be adopted as the operative pleading in this case, none of the new defendants named in that complaint are parties in this case. At least one defendant newly named in the amended complaint has been served with the complaint and has filed a motion to dismiss. That motion, Dkt. 70, will be denied as moot. Any summonses issued to the newly named defendants are quashed.

by counsel. As stated above, Lester John Sundsmo will not be able to appear for plaintiff or act as his attorney in any way.

ORDER

IT IS ORDERED that:

1. Plaintiff Leonard John Sundsmo's motion for temporary restraining order, Dkt. 5, is DENIED.

2. Plaintiff's motion for my recusal, Dkt. 61, is DENIED.

3. Plaintiff's second motion for preliminary injunctive relief, Dkt. 27, is DENIED.

4. Plaintiff's motions for entry of default, Dkt. 29, 31, 33, 35, 37, 39, and motions for default judgment, Dkt. 43, 45, 47, 49, 51, 53, are DENIED.

5. Defendants' motions to strike documents submitted by plaintiff's father, Dkt. 41, 55, 57 are DENIED as moot.

6. Plaintiff's motion for leave to file an amended complaint, Dkt. 66, is DENIED. The case will proceed with the original complaint as the operative complaint. Defendants' motion to strike the complaint, Dkt. 73, is DENIED as moot.

7. The clerk of court is directed to schedule a preliminary pretrial conference for this case.

8. The motion to dismiss filed by Sergei Smirenski, a defendant newly named in plaintiff's proposed amended complaint, Dkt. 70, is DENIED as moot.

9. Any summonses issued to the newly named defendants in plaintiff's proposed amended complaint are QUASHED. None of these parties are required to file a response to the complaint.

Entered April 15, 2015.

BY THE COURT:
/s/

JAMES D. PETERSON
District Judge