IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEONARD JOHN SUNDSMO,

                    Plaintiff,

   v.                                                         OPINION & ORDER

DEREK BURCH, MIKE PICHLER,                      15-cv-2-jdp
MARK R. SCHAUF and RYAN LABROSCIAN,

                    Defendants.

---

Plaintiff Leonard John Sundsmo brings claims against law enforcement officials from the city of Baraboo, Sauk County, and state of Wisconsin for an allegedly illegal search and arrest on November 4, 2014. In a March 14, 2016 order, I dismissed several of Sundsmo's claims. Dkt. 117.

I dismissed Sundsmo's (1) official capacity claims against defendants Elena Leon (Sundsmo's probation agent) and Kevin Calkins (the district attorney) because they cannot be sued for money damages in their official capacities; (2) state-law claims against Calkins, Leon, and Derek Burch (a deputy) because Sundsmo failed to comply with Wisconsin's notice-of-claim statutes; (3) Fourth Amendment claim against Leon for her role in issuing an apprehension request, on qualified immunity grounds; and (4) Fourth Amendment claims against defendants Calkins, Burch, and Ryan Labroscian, Mike Pichler, and Mark Schauf of the Baraboo Police Department regarding the entry into Sundsmo's girlfriend's home and the fact of his arrest, on qualified immunity grounds because Leon had issued an apprehension request. This left only Sundsmo's Fourth Amendment excessive force claims against defendants Burch, Labroscian, Pichler, and Schauf, and his parallel state-law assault claims against Labroscian, Pichler, and Schauf.

There are now several motions pending. Sundsmo has filed a document titled "Objection" to the March 14, 2016 order, Dkt. 121, which I take to be a motion for reconsideration, as well as a motion for judgment in his favor. Sundsmo has also filed a document titled "Objection" to Calkins and Leon's brief in opposition to the reconsideration motion, in which he asks for judgment to be entered in his favor. Dkt. 128. I will consider this to be his reply brief. There is also still an unresolved question whether defendant Burch was properly served with a summons. The parties have submitted dueling affidavits on that question. Finally, Burch and the Baraboo Police Department defendants have each filed motions for summary judgment.

As discussed further below, I will deny Sundsmo's motion for reconsideration and grant the Baraboo Police Department defendants' motion for summary judgment. I will direct defendant Burch to explain whether he wishes to continue litigating the summons issue or have the court reach the merits of his parallel motion for summary judgment.

OPINION

A. Sundsmo's motion for reconsideration of the March 14, 2016 order

This court retains the power to reconsider its previous decisions. *See* Fed. R. Civ. P. 54(b) (courts may revise interlocutory decisions "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). But it should only do so "if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006).

Parts of Sundsmo's briefs in support of this motion reiterate unsuccessful arguments he made previously, such as that he could not be arrested based on an apprehension request, but he does not provide a persuasive reason to reconsider my previous rulings. He also incorrectly states that I did not consider individual capacity claims against defendants Calkins and Leon. The bulk of his briefs contains arguments related to frivolous "sovereign citizen" theories of government illegitimacy. *See, e.g.*, *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (argument that individual is sovereign citizen of state who is not subject to jurisdiction of United States and not subject to federal taxing authority is "shopworn" and frivolous); *Bechard v. Rios*, No. 14-CV-867-WMC, 2014 WL 7366226, at *1 (W.D. Wis. Dec. 24, 2014) (case dismissed where plaintiff "maintain[ed] that the social security number that issued along with his birth certificate . . . is really an identification number for a German-owned insurance policy."). In particular, Sundsmo argues that my previous rulings are unlawful because I am "impersonating" an Article III judge and instead have been acting under the authority of an Article IV territorial court. These arguments are frivolous and I will not consider them further. Because nothing in Sundsmo's briefs persuades me that my rulings in the March 14 order were incorrect, or that Sundsmo should be granted judgment on any of his claims, I will deny his motion for reconsideration.

**B.  Defendants' Pichler, Schauf, and Labroscian's motion for summary judgment**

There are two motions for summary judgment currently before the court: one filed by defendant Burch and another filed by defendants Pichler, Schauf, and Labroscian. As discussed further below, I cannot address the merits of Burch's summary judgment motion until I resolve Burch's motion to dismiss for lack of proper service. But I can address Pichler,

Schauf, and Labroscian's motion. Their proposed findings are set forth below, along with proposed findings from Burch's motion that they seek to incorporate by reference.

Sundsmo's responses to both summary judgment motions do not substantively address the arguments made by defendants in their briefs, nor do they include responses to defendants' proposed findings of fact, or even Sundsmo's own proposed findings. Instead, Sundsmo objects to the various documents defendants have submitted for various reasons the court has previously determined to be meritless, such as that defendants' attorneys' electronic signatures are invalid, that the attorneys are impermissibly testifying to matters of which they have no personal knowledge, and that defendants' filings are invalid because their attorneys must be registered under the Foreign Agents Registration Act.

Sundsmo's failure to provide any proposed findings of fact opposing the motions for summary judgment violates this court's summary judgment procedures. *See* "Motions for Summary Judgment," Dkt. 130-1, attached to the court's Preliminary Pretrial Conference Order. I will consider defendants' facts to be undisputed. *Id.*, at § II.C. ("[u]nless the responding party puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed"). I note that Sundsmo failed to submit proposed findings even after the court specifically instructed him to substantively respond to Burch's proposed findings following Burch's own belated submission of proposed findings in support of his motion:

> I warn plaintiff that his summary judgment responses should substantively address the issues in this case having to do with the search and arrest. Plaintiff's brief opposing Burch's (admittedly incomplete) motion for summary judgment does not address the substance of his claims. Rather, plaintiff contends that all of Burch's submissions should be disregarded as failing to comply with the Foreign Agents Registration Act. This is nothing more than a rehash of plaintiff's previous attempts to

4

> raise long-discredited "sovereign citizen" legal theories about how to properly file legal documents in federal court. These arguments have no traction in this court and they are not going to get plaintiff anywhere. Whether he likes it or not, plaintiff needs to adjust his mind set and his submissions in this lawsuit.

Dkt. 161 at 2.

Therefore, I will consider defendants' version of the events be undisputed, with one exception, discussed further below.

1. **Undisputed facts**

At about 9:30 p.m. on November 4, 2014, a person named Bob Schreiber contacted the Sauk County Sheriff's Department, seeking a welfare check on a West Baraboo resident named Angela Mazerek. Schreiber stated that plaintiff Leonard John Sundsmo had taken Mazerek's cell phone and used it to leave a threatening message in Schreiber's voice mailbox.

Defendant Derek Burch, a deputy with the Sauk County Sheriff's Office, responded to the request. He recognized both Sundsmo and Mazerek from previous law enforcement contacts. Burch checked Sundsmo's warrant history and discovered that an active felony warrant had been issued (I take this to be the apprehension request discussed in my March 14, 2016 order).

Burch requested support from the Baraboo Police Department because of the felony warrant, and because during previous contacts both Sundsmo and Mazerek had been uncooperative with law enforcement officers. Sundsmo also had a previous conviction for obstructing or resisting an officer. Burch arrived at Mazerek's house with defendant Michael Pichler and another officer from the Baraboo Police Department, either defendant Ryan Labroscian or Officer Ellefson.[1] The officers knocked on the door and shined a light into the

---

[1] Burch's proposed findings contradict each other about the identity of the third officer

house. They saw that a television was on, and a hall light was turned on, but no one inside responded. After the officers' attempts to contact the persons inside failed, Burch called Schreiber back.

Schreiber stated that he was concerned because of a recent incident in which Sundsmo had physically assaulted Mazerek and then took away her phone to prevent her from calling the police, and because Sundsmo had left several threatening phone calls on Schreiber's cell phone that night. Schreiber also said that Sundsmo owned two vehicles with Minnesota plates, and that Mazerek owned a blue car. All three of those vehicles were at Mazerek's house that night.

Defendant Burch believed that Sundsmo was in the house, so he called Sauk County District Attorney Kevin Calkins at about 10:20 p.m. to discuss whether there was probable cause to enter the house. Based on the circumstances described and the felony warrant, Calkins advised that he believed there was probable cause for Burch to enter. The officers then entered the home with handguns drawn to "clear" the rooms of the house. The officers found Sundsmo and Mazerek in a bedroom.

Two or three officers, including Deputy Burch, stood at the entrance to Mazerek's bedroom telling Mazerek and Sundsmo to show their hands, and for Mazerek to immediately get out of bed. Defendants' account is that they did not point their guns at Mazerek or Sundsmo. Sundsmo disputes this fact. In defendant Burch's proposed findings (which the Baraboo Police Department defendants incorporate into their own), defendants acknowledge that Sundsmo and Mazerek state that the officers pointed their guns at them from about ten

---

initially at the scene. But it is clear that at some point before Sundsmo's arrest, defendant Labroscian joined the team of officers at the scene.

to twelve feet away, as they entered the bedroom.[2] Dkt. 153, at 4, ¶ 21 (citing Sundsmo Depo., Dkt. 138, at 65-66; Mazerek Depo., Dkt. 139, at 31-32). I will assume Sundsmo's version to be true for purposes of this motion.

The officers directed Mazerek to immediately accompany them out of the room, which she did. Once it was clear that neither Sundsmo nor Mazerek were armed, the officers holstered their guns. Burch then approached Sundsmo and helped him put on a knee brace. Sundsmo was taken to the Sauk County Jail.

Defendant Mark Schauf is the chief of the Baraboo Police Department. He was not present at the arrest.

## 2. Analysis

To succeed on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broad. Grp., Inc.*, 414

---

[2] About a month after summary judgment briefing was closed, Sundsmo submitted a document titled "answer/rebuttal/objection to . . . Motion(s) for Summary Judgment," Dkt. 167, and a document titled "Motion for Judgment on the Pleadings," Dkt. 168. The motion for judgment on the pleadings was filed after the court's deadline for dispositive motions, and in any event, contains only frivolous arguments of the sort contained in his summary judgment oppositions. I will deny that motion. Sundsmo's "answer/rebuttal/objection" contains similar frivolous arguments, but also contains a statement that the officers woke him with "guns pointed mere inches from our heads." Dkt. 167, at 5. This statement is too late to be considered at summary judgment and is not in proper evidentiary form. But even if it were timely and in evidentiary form, I would disregard it because it is directly contradicted by Sundsmo's deposition testimony, in which he stated that the officers did not point their guns at him within inches of his face, but rather from about ten feet away. Dkt. 138, at 65-66. *See, e.g., McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 751 (7th Cir. 2010) (sham-affidavit rule "is designed to avoid sham factual issues and prevent parties from taking back concessions that later prove ill-advised").

F.3d 686, 692 (7th Cir. 2005). All reasonable inferences from the facts in the summary judgment record must be drawn in the nonmoving party's favor. *Baron v. City of Highland Park*, 195 F.3d 333, 338 (7th Cir. 1999). If the nonmoving party fails to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment for the moving party is proper. *Celotex*, 477 U.S. at 322.

The only claims remaining in the case are Sundsmo's Fourth Amendment excessive force claims against defendants Burch, Labroscian, Pichler, and Schauf, and his parallel state-law assault claims against Labroscian, Pichler, and Schauf. Some of these claims can be dismissed at the outset.

The Baraboo Police Department defendants state that Sundsmo did not serve the City of Baraboo with a notice of claim pursuant to Wis. Stat. § 893.80. Sundsmo does not dispute this, so I will dismiss his state-law claims.

Defendant Schauf, the chief of the Baraboo police, was not present at Sundsmo's arrest, and there are no facts in the record suggesting that he had anything to do with the officers' conduct during the incident. Because there is no evidence that Schauf was personally involved in the incident, I will dismiss Sundsmo's excessive force claim against him.

This leaves Sundsmo's excessive force claims against defendants Burch, Labroscian, and Pichler. As I stated in the March 14 order, allegations about excessive force used in an arrest may state a claim for unreasonable seizure under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989). This type of claim requires an analysis of "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. at 396. "[T]he

'reasonableness' of the use of force is judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 303 (7th Cir. 2011)

Sundsmo contends that the officers drew their guns and pointed them at his and Mazerek's heads from about ten feet away, as they entered the bedroom. In the March 14 order, I stated that "[w]ithout further information from the parties about how plaintiff's arrest was effectuated, I cannot say as a matter of law that his claims fail under the *Graham* analysis." Dkt. 117, at 18.

But defendants have now provided further information about what happened during the arrest, and the virtually undisputed facts concerning those events show that no reasonable jury could find in Sundsmo's favor on his excessive force claims. Rather, the jury would conclude that defendants acted reasonably.

As I stated in the March 14 order, pointing a gun at someone who poses no danger can violate the Fourth Amendment in the right circumstances. *See Baird v. Renbarger*, 576 F.3d 340, 345 (7th Cir. 2009) (discussing cases in which courts have held that pointing of gun by officer was unreasonable). But officers "are allowed to [point their guns at citizens] when there *is* reason to fear danger." *Id*. at 346 (emphasis in original), and they "may take reasonable action to secure the premises and to ensure their own safety" when effectuating a warrant. *Los Angeles Cty., Cal. v. Rettele*, 550 U.S. 609, 614 (2007).

That is what defendants did here. There was reason to think that Sundsmo presented a threat: defendants had received a report that Sundsmo had been physically violent toward Mazerek and threatened Schreiber, and they were aware of his previous conviction for obstructing or resisting an officer. They also had reason to be wary given that neither

9

Sundsmo nor Mazerek came to the door after the officers announced their presence. After the officers were assured that neither Sundsmo nor Mazerek were armed, they holstered their guns. Their actions were reasonable given the circumstances, and nowhere near the level of conduct that the Seventh Circuit has found to be so excessive as to possibly violate the Fourth Amendment. *See, e.g.*, *Baird*, 576 F.3d at 344 (use of submachine gun to round up and detain residents during search); *Jacobs v. City of Chi.*, 215 F.3d 758, 773-74 (7th Cir. 2000) (pointing gun at elderly man's head for ten minutes after realizing he was not the desired suspect); *McDonald v. Haskins*, 966 F.2d 292, 294-95 (7th Cir. 1992) (pointing gun at nine-year-old child during search and threatening to pull trigger).

Accordingly, I will grant defendants Pichler, Schauf, and Labroscian's motion for summary judgment on Sundsmo's excessive force claim. Because I conclude that these defendants did not use excessive force in the court of arresting Sundsmo, I will not address their alternative argument that they enjoy qualified immunity for their actions.

**C. Service of defendant Burch**

The only claim remaining in this case is Sundsmo's excessive force claim against defendant Burch. Burch has filed a motion for summary judgment that I would grant for the same reasons as those stated above regarding the Baraboo Police Department defendants' motion. But I cannot formally rule on the merits of this motion until I resolve Burch's earlier motion to dismiss the claim against him for lack of service. Dkt. 93. A dismissal without proper service would be without prejudice to Sundsmo's filing a new lawsuit and starting over.

In support of his motion to dismiss, Burch provided an affidavit that he was not personally served with the summons. Dkt. 114. Sundsmo had already provided a proof of

10

service declaration filled out by Jon Micheal Kutz, Dkt. 4-1, that I concluded was ambiguous as to whether Kutz had actually accomplished service. I directed Sundsmo to provide a declaration from Kutz explaining precisely how he served Burch, and I stated that if there continued to be a factual dispute over proper service, I would hold a hearing on the issue. Dkt. 117, at 10.

The parties continue to dispute service. Sundsmo provides an affidavit from Kutz stating that he personally served Burch with the summons. Dkt. 118. But Burch responded with his own affidavit stating that all he received was the complaint, Dkt. 124, so he maintains that he was not properly served with a summons. In response to Burch's submissions, Sundsmo submitted another affidavit from Kutz in which he states that, given the confusion over service, he sent Burch by certified mail a copy of the summons. Dkt. 129.

Unfortunately for Sundsmo, service by mail is not authorized by Rule 4 or by Wisconsin law, at least without publication of the summons and a showing that Burch could not be served personally. *See* Wis. Stat. § 801.11(1)(c). Sundsmo has not met these requirements. The question is whether Kutz actually did serve him the first time around. As I stated in the previous order, the way to resolve this dispute is with a hearing. *Durukan Am., LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1164 (7th Cir. 2015) (evidentiary hearing necessary to resolve factual disputes over service). But Burch may conclude that a hearing is unnecessary given my earlier discussion of the Baraboo defendants' summary judgment motion.

I will give Burch a short time to respond to this order, explaining whether he would like to proceed to a hearing on the service issue, or whether he would like to withdraw his motion to dismiss on personal jurisdiction grounds and have the court grant his summary

11

judgment motion. Either way, this case is not destined for trial, so I will strike the March 20 trial date and associated submission deadlines. For this reason, Burch's motion to amend the scheduling order to extend his expert disclosure deadline will be denied as moot.

ORDER

IT IS ORDERED that:

1. Plaintiff Leonard John Sundsmo's motion for reconsideration of the court's March 14, 2016 order, Dkt. 121, is DENIED.

2. Plaintiff's motion for judgment on the pleadings, Dkt. 168, is DENIED.

3. Defendants Mike Pichler, Mark Schauf, and Ryan Labroscian's motion for summary judgment, Dkt. 154, is GRANTED.

4. Plaintiff's state-law assault claims against defendants Pichler, Schauf, and Labroscian are DISMISSED without prejudice for plaintiff's failure to comply with Wisconsin's notice-of-claim statute.

5. Defendant Burch may have until February 6, 2017, to respond to this order regarding whether he wishes to continue prosecuting his motion to dismiss for lack of proper service.

6. The trial date and associated pretrial submission deadlines are STRICKEN.

7. Defendant Burch's motion to amend the scheduling order, Dkt. 145, is DENIED as moot.

Entered January 31, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge